UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY LLOYD KALSO, | Case No. 2:24-cv-00653-JDP (HC) |
| Petitioner, | **ORDER** |
| v. | SCREENING THE PETITION AND OFFERING LEAVE TO AMEND |
| BUTTE COUNTY SUPERIOR COURT, | ECF No. 1 |
| Respondent. | GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| | ECF No. 2 |

Petitioner, a pre-trial detainee, brings this action under section 2254 and alleges that he is restrained as "a result of a void proceeding." ECF No. 1 at 3. His petition, however, is deficient for several reasons. First, petitioner cannot bring this action pursuant to section 2254 insofar as he has not yet been convicted. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . ."). Here, petitioner is not in custody pursuant to the judgment of a state court insofar as he acknowledges that he is awaiting trial. ECF No. 1 at 2. Thus, his petition may

1

proceed, if at all, only under section 2241.

Even under that section, however, this action appears to run afoul of the *Younger*[1] abstention doctrine. Under that doctrine, a federal court must abstain from interfering with state court proceedings if: (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the claimant has an opportunity to raise his constitutional challenges in the state proceedings; and (4) the relief he seeks in federal court would have the practical effect of enjoining the state proceedings. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). All of those factors appear to be met here: The proceedings are ongoing, state criminal proceedings implicate important state interests, petitioner has not offered a rationale why he cannot raise his issues before the state courts, and any judgment of this court finding the proceedings "void" would necessarily enjoin them.

Third and finally, I have been unable to make out the substantive basis of petitioner's claim. He does not offer any intelligible argument as to why the proceedings against him are "void" or illegitimate. He appears to allege that the state court issued an unfavorable decision with which he disagrees, ECF No. 1 at 3, but that does not render the proceedings constitutionally illegitimate. Indeed, a state court considering these same claims also found that his habeas claims were too vague or unsupported to allow for "intelligent consideration." *Id.* at 7.

I will give petitioner leave to amend. He must file an amended petition addressing these issues within thirty days or I will recommend that this action be dismissed.

---

[1] Found in *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, it is hereby ORDERED that:

1. Petitioner may file an amended petition within thirty days of this order's entry. If he fails to do so, I may recommend that this action be dismissed.
2. The Clerk of Court is directed to send petitioner a section 2241 habeas form with this order.
3. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   May 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3